# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEVORG NIKOGHOSYAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18-CV-112-TCK-JFJ ) |
| AAA COOPER TRANSPORTATION INC., and MAJOR GREEN, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

Before the Court is plaintiff Gevorg Nikoghosyan's Motion to Exclude Expert Witness Testimony of Dr. Foster. Doc. 33. Plaintiff asserts Dr. Foster's testimony should be excluded because (1) he is unqualified; (2) his testimony is not based on sufficient facts or data; and (3) his testimony is not the product of reliable principles. *Id.* Defendant opposes the motion. Doc. 39.

### I. Factual Background

This lawsuit arises from injuries Plaintiff sustained in a collision between two tractor-trailers on September 19, 2016. Both Plaintiff and Defendant Major Green were driving semi-truck tractors eastbound on I-44 in Craig County when Green's semi rear-ended Plaintiff's semi. Law enforcement responded to the scene and the collision report stated that Plaintiff sustained no injury as a result of the collision. Plaintiff did not, at the time, seek treatment for any injuries, but two days later sought treatment in Hopewell, Virginia, and subsequently sought additional treatment in Los Angeles.

Pursuant to Fed. R. Civ. P. 26, Dr. Foster provided a report regarding the care and treatment Plaintiff obtained after the collision. Doc. 33, Ex. A.

## II. Applicable Law

Federal Rule of Evidence 702 ("Rule 702") provides that:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
   (b) the testimony is based on sufficient facts or data;
   (c) the testimony is the product of reliable principles and methods; and
   (d) the expert has reliably applied the principles and methods to the facts of the case.

When an objection to an expert's testimony is raised, the court must perform *Daubert* gatekeeper duties before the jury is permitted to hear the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999). These gatekeeper duties require the Court to determine both (1) that the expert witness is qualified to offer the opinions he or she is espousing and (2) that the proponent of the expert witness has proved by a preponderance of the evidence that expert's opinions are both relevant and reliable. *Kumho Tire*, 526 U.S. at 141, 152. When the testimony of an expert is challenged, the proponent of the testimony bears the burden of establishing its admissibility. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (*en banc*); FED. R. EVID. 104(a).

District courts have broad discretion to determine whether a proposed expert may testify. *Rodgers v. Beechcraft Corp.*, 759 F. App'x 646, 658 (10th Cir. 2018) (citing *United States v. Nichols*, 169 F.3d 1255, 1265 (10th Cir. 1999)). In order to qualify as an expert, a proposed witness must possess "such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 928 (10th Cir. 2004). An expert

who "possesses knowledge as to a general field" but "lacks specific knowledge does not necessarily assist the jury." *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 587 (10th Cir. 1998). Proposed expert testimony must therefore "fall within the reasonable confines of [the witness's] expertise." *Conroy v. Vilsack*, 707 F.3d 1163, 1169 (10th Cir. 2013) (internal quotation marks omitted).

## III. Analysis

Plaintiff seeks to exclude Dr. Foster's testimony concerning the causation of Plaintiff's back and knee injuries and testimony relating to Plaintiff's loss of earnings, earning capacity and employability.

Dr. Foster's expert report offers opinions on the following topics:

(1) That the motor vehicle accident of 09/19/2016 ("accident") was a fairly mild accident as it relates to [Plaintiff's] truck.

(2) That the MRI findings of Plaintiff's neck and lower back primarily indicate a degenerative condition.

(3) That the mechanism of injury from the accident was unlikely to cause a meniscal tear.

(4) That the nerve studies of 12/12/2016 are not the result of any injury that Plaintiff sustained as a result of the accident.

(5) That the accident would not have required treatment to the neck or back, including the lumbar epidural steroid injections in the summer of 2017.

(6) That Dr. Smith's report and proposed future treatment is unrealistic with Plaintiff's complaints as documented in his medical records and any injury that he would have sustained from the accident.

(7)     That the proposed lost wages and future costs of care described in Kathy Bottroff's report are inconsistent with Plaintiff's conditions, medical diagnoses, and required treatment, and that Plaintiff would be able to continue his employment as a truck driver.

The doctor's first opinion—that the collision was minor—is based on his review of photographs, the collision report, testimony and inferences thereon. It can readily be determined by a layperson that the force of the impact to Plaintiff's tractor-trailer was relatively minor and thus, no expertise or expert testimony is required. Accordingly, the doctor's opinion on this issue would not constitute expert testimony and is not subject to the requirements of *Daubert* and Fed. R. Evid. 702.

As a medical doctor who has substantial experience treating patients following automobile accidents, Dr. Foster is qualified to testify as to items (2)-(6). Dr. Foster's academic training and clinical experience grants him specific knowledge about treating injuries that result from automobile accidents, what injury is likely to be caused by certain types of accidents, how accident injuries could exacerbate preexisting injuries, and whether the injuries would prevent him from continuing his employment as a truck driver. Accordingly, Dr. Foster possesses the skill, experience, and knowledge to allow him to form a well-founded opinion as to whether the accident was likely to cause a meniscal tear, or to require nerve studies or treatment of the neck and back. Moreover, Dr. Foster possesses the skill, experience, and knowledge to evaluate another doctor's report and proposed future treatment.

With respect to item (7), Dr. Foster's proposed testimony—that he believes Plaintiff would be able to continue to work as a truck driver and that the alleged costs of future medical care are inconsistent with his injuries—is based on his evaluation of Plaintiff's injuries and current medical condition. This testimony is well within the bounds of the doctor's education and experience.

4

To the extent Plaintiff challenges the methodology and principles that led to Dr. Foster's conclusions, he will have the opportunity to pursue that issue upon cross examination of the expert.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's Motion to Exclude Expert Witness Testimony (Doc. 33) is denied.

ENTERED this 8th day of October, 2019.

*[signature: Terence C. Kern]*

**TERENCE C. KERN**
**United States District Judge**