# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEVORG NIKOGHOSYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-CV-112-TCK-JFJ |
| ) | |
| AAA COOPER TRANSPORTATION INC., ) | |
| and MAJOR GREEN, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is the Motion for Partial Summary Judgment filed by Defendants AAA Cooper Transportation, Inc. and Major Green. Doc. 34. Defendants seek summary judgment against Plaintiff, Gevorg Nikoghosyan on his claim for punitive damages. *Id.* Plaintiff opposes the motion. Doc. 35.

**I. Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party opposing a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party opposing a motion for summary judgment must also

make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

A movant that "will not bear the burden of persuasion at trial need not negate the nonmovant' claim, "but may "simply . . . point[] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (internal citations omitted). If the movant makes this prima facie showing, "the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. The mere possibility that a factual dispute may exit, without more, is not sufficient to overcome convincing presentation by the moving party." *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988) (internal citations omitted).

## II. Material Facts

This lawsuit arises from injuries Plaintiff claims to have sustained in a collision between two tractor-trailers on September 19, 2016. Doc. 2, Ex. 1. Both Plaintiff and Defendant Major Green were driving semi- truck tractors eastbound on I-44 in Craig County when Green's cell phone rang. Doc. 34, Ex. 2, Green Dep. 62:18-63:3. Green's phone was secured to the windshield with a cell phone holder and he was using a hands-free headset. *Id.* at 42:15-53:1. ; 98:20-21. Green was already speaking with someone else at the time, and he looked over to his cell phone for a moment to see who was calling. *Id.* at 62:18-63:3. When he looked back at the road, he

saw that there was a trailer close in front of him traveling at a slow speed. *Id.* at 71:17-72:12. Green testified that he looked in his wide mirrors to ensure no one was next to him and then swerved to the left in an attempt to miss the trailer. *Id.* at 62:18-63:3;101:20-23. He was unable to avoid the trailer and collided with the left corner of it. *Id.* at 101:24-102:4. The damage to Plaintiff's trailer was minor. Ex. 3, Photo of Trailer. Plaintiff testified that at the time of the accident, he was driving 60 to 65 m.p.h. Doc. 34, Ex. 5, 50:25-51:4. Based on the last Qualcomm data received from the AAA semi before the collision, it was traveling at 67 m.p.h.[1] The speed limit on the highway was 75 m.p.h. Doc. 34, Ex. 1.

Plaintiff was hauling a refrigerated load containing salad dressings from California to Pennsylvania and Massachusetts. Ex.5, Nikoghosyan Dep. 21:19-22; Ex. 6, Bills of Lading. He testified that at the time of the collision, he was driving at 60-65 miles per hour and did not see the AAA semi approaching from the rear. *Id.* at 50:25-51:4, 55:11-14. He was wearing a seat belt and was able to bring his semi to a controlled stop on the side of the highway after the impact. *Id.* at 55:19-21; 66:17-67:2. After coming to a controlled stop, Plaintiff was able to exit his vehicle and speak with a police officer. *Id.* at 75:21-76:7. He retrieved his registration, driver's license and insurance from his cab and provided it to the police officer. *Id.* at 8):12-18. Additionally, he told a paramedic on the scene that he was feeling okay. *Id.* at 80:19-82:9. The collision report stated that Plaintiff sustained no injury as a result of the collision. Ex. 1.

Green spoke with Plaintiff at the scene of the collision, and testified that Plaintiff told him he was okay. Ex. 2, Green Dep. 80:7-82:9. Green testified that, at the time, Plaintiff provided him a business card for an attorney in California. *Id.* at 8:14-81:25. Green also reported that he did not

---

[1] AAA's semis are governed at 65-67 mph and are equipped with Qualcomm units which record their speed and provide reports when a semi goes over the target speed set by AAA. Ex. 2, Green Dep. at 22:24-25.

sustain any injuries in the collision. *Id.* at 82:15-16. In accordance with federal regulations, Green was administered a drug test, which was negative. *Id.* at 114:24-115:10. After the collision, Plaintiff was able to deliver his cargo to the designated locations. Ex. 5, Nikoghosyan Dep. 142:11-14. None of his cargo was damaged as a result of the collision, and none of it was refused by the recipient. *Id.* at 132:2-10, 132:19-133:1.

AAA Cooper equips its vehicles with OmniTrac, which alerts the company when their drivers exceed the 70 mph speed limit set by AAA Cooper. Doc. 35, Aronhalt Dep. 6:19-66:9. OmniTrac records establish that on numerous occasions during his employment with AAA Cooper, Green drove in excess of 70 mph.

On September 29, 2016, AAA terminated Green's employment for "(r)eckless conduct causing an accident on duty." Doc. 43, Ex. 1.

During his deposition, Plaintiff testified that he did not think Green intentionally collided with him. *Id.* at 93:4-8.

## III. Analysis

Because this case is before the Court pursuant to the Court's diversity jurisdiction, Plaintiff's claims are governed by Oklahoma law. *See Martinez v. Angel Expl.,* LLC, 78 F.3d 968, 973) (10th Cir. 2015) (internal citations omitted).

Oklahoma's punitive damages statute, 23 Okla. Stat. § 9.1, provides for the recovery of punitive damages only where there is clear and convincing evidence that the defendant acted, at a minimum, with reckless disregard for the rights of others. *See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1106 (Okla. 2005) ("In that punitive damages are *only* allowable under § 9.1 when, at a minimum, there is competent evidence of a reckless disregard by the defendant of the plaintiff's rights from which malice and evil intent may be inferred.") (emphasis in original). "Whether that showing has been made remains an issue of law for the trial court in its role as

gatekeeper to determine, upon a defendant's challenge . . . whether there is competent evidence upon which a reasonable jury could find reckless disregard, from which malice and evil intent may be inferred." *Robinson v. Sunshine Homes, Inc.*, 291 P.3d 628, 638 (Okla. Civ. App. 2010) (internal footnote omitted).

The record is devoid of evidence sufficient to sustain Plaintiff's claim for punitive damages against either defendant. The undisputed facts support a conclusion that negligence on Green's part caused the accident. However, Green's distracted driving, while negligent, does not rise to a level supporting a claim for punitive damages. Nor does AAA Cooper's awareness through Qualcam data of instances in which Green had exceeded the company's 70 mph speed limit, support a claim for punitive damages, as Green was not speeding at the time of the accident—instead, he was distracted by a cell phone call.

Accordingly, Defendants are entitled to summary judgment in their favor on Plaintiff's claim for punitive damages.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion for Summary Judgment on Plaintiff's claim for punitive damages is granted.

**ENTERED this 8th day of October, 2019**

TERENCE C. KERN
United States District Judge